IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael William McKerlie,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-20-00511-TUC-SHR<br><br>**Order Accepting R&R** |

On January 11, 2023, Magistrate Judge Erik J. Markovich issued a Report and Recommendation ("R&R") in which he recommended the Court dismiss Petitioner Michael William McKerlie's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 32.) The Court has reviewed the record, including Petitioner's Objection (Doc. 37) and Respondent's response (Doc. 38), and accepts Judge Markovich's R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

**I.      Report and Recommendation**

In his Petition, Petitioner asserts four grounds for relief: (1) "the pictures in this case are protected expression under the First Amendment"; (2) "there is a reasonable possibility the jury impermissibly based their verdict on their belief that [he] may have possessed these pictures for sexual stimulation, rather than on whether the photographer took them for the purpose of sexually stimulating the viewer"; (3) "although the Arizona Court of Appeals said in its ruling in this case the state was required to prove beyond a reasonable doubt the photographer who took these pictures did so for the purpose of sexual

stimulation of the viewer, the Court ignored the fact the state did not as much as make the allegation such was the case, much less prove it"; and (4) ineffective assistance of counsel based on his trial attorney's "lack of knowledge" of "points of law which were essential to [Petitioner's] case," due to his attorney's "ineptitude, lack of experience, and/or lack of investigation." (Doc. 15.)

The State of Arizona filed a "Limited Answer," urging the Court to deny the Petition with prejudice because the claims are "technically exhausted but procedurally defaulted, not cognizable on federal habeas corpus review, or meritless." (Doc. 24.) Petitioner replied. (Doc. 30.)

Judge Markovich considered each of Petitioner's four grounds. As to the first, Judge Markovich found Petitioner's First Amendment argument was procedurally defaulted because he did not raise the issue on direct appeal and only "tangentially discussed the First Amendment in his pro se PCR [post-conviction relief] petition to the trial court" and did so only in relation to an ineffective-assistance-of-counsel claim, and he had not ever raised the issue to the Arizona Court of Appeals; (2) Petitioner did not raise his argument about the basis of the jury verdict on direct review, nor did he assert it in his PCR petition, so that claim is procedurally defaulted; (3) Petitioner's argument that the state was required to prove the photographer took the pictures for the purposes of sexual stimulation of the viewer was rejected by the Arizona Court of Appeals, which explained, "the state was not required to show that McKerlie intended to use the images for sexual stimulation," so that claim is procedurally defaulted; and (4) Petitioner has not properly raised his instant ineffective-assistance-of-counsel claims at every level of review, if at all, so ground four is procedurally defaulted. Judge Markovich further concluded, with respect to all four procedurally defaulted claims, Petitioner had not "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Therefore, Judge Markovich recommended the Court dismiss Petitioner's Amended Petition.

## II. Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See* Fed. R. Civ. P. 72(b)(3).

This Court is "not required to review any portion of an R&R to which no specific objection has been made." *Scott v. Shinn*, No., 2021 WL 5833270, at *3 (D. Ariz. Dec. 9, 2021); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)). That is, district judges need not review an objection to an R&R that is general and non-specific. *Scott*, 2021 WL 5833270, at *3; *see, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object'" (citations omitted)); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").

## III. Analysis

In his Objection, Petitioner asserts the R&R recommends dismissal "not because [his] petition is without merit, but because neither [Petitioner's] public defender nor [Petitioner] understood what made a picture illegal under the law in time to raise it at trial

or in subsequent petitions." (Doc. 37 at 2.) As Respondents correctly note, "[f]or the most part, McKerlie's objection is a general grievance against the habeas rules and procedures imposed by this Court." (Doc. 38 at 3.) Indeed, the entirety of Petitioner's filing does not appear to be related to the R&R, but rather is made up of complaints about the legal process, which he argues allowed the Magistrate Judge to "ignore" "whether or not a miscarriage of justice has occurred," and his arguments that he is innocent and he, as a lay person, did not understand the law well enough to raise the arguments in his Amended Petition earlier. Petitioner, however, does not identify any error the Magistrate Judge made in the R&R.

At this stage of the proceedings, Petitioner must identify specific errors in the R&R. He may not simply repeat earlier arguments, nor may he simply rely on general grievances about the legal process. Petitioner does not develop any reasoned argument—he merely objects to the R&R because he takes issue with the rules and procedures governing habeas review. Moreover, Petitioner makes no argument as to why his claims are not procedurally defaulted, nor does he attempt to establish cause and prejudice to excuse his default. To the extent Petitioner's argument about being a lay person can be construed as a specific objection to the R&R's finding that no cause existed to excuse his procedural default, that argument is meritless. *See Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir. 1988) (noting "an illiterate petitioner's complete lack of assistance is not cause to excuse a procedural default").

Accordingly,

**IT IS ORDERED**:

(1) Petitioner's objections to the R&R (Doc. 37) are **overruled**.

(2) The R&R (Doc. 32) is **accepted.**

(3) The Amended Petitioner (Doc. 15) is **denied** and **dismissed with prejudice**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional

right.

(5) The Clerk shall enter judgment accordingly and close this action.

Dated this 16th day of February, 2023.

Honorable Scott H. Rash
United States District Judge