WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael William McKerlie,<br><br>   Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>   Respondents. | No. CV-20-00511-TUC-SHR<br><br>**Order Re: Motion for Reconsideration** |

Pending before the Court are Petitioner Michael McKerlie's "Motion for Permission to File a Motion for Reconsideration Which is 13 Pages Long" (Doc. 47), which the Court construes as a motion for page extension, and Motion for Reconsideration (Doc. 48). For the reasons that follow, the Court grants McKerlie's motion for page extension and denies his Motion for Reconsideration.

**I.   Background**

On January 11, 2023, Magistrate Judge Eric J. Markovich issued a Report and Recommendation ("R&R") recommending the Court dismiss McKerlie's Amended Petition for Writ of Habeas Corpus. (Doc. 32.)

On February 16, 2023, the Court accepted the R&R over McKerlie's objections, and dismissed the Petition and closed the case. (Doc. 39; Doc. 40.) The Court noted McKerlie's objections were not related to the R&R and did not identify any error in the R&R, but rather contained general grievances about the legal process. (Doc. 39.)

On March 3, 2023, the Court granted McKerlie extra time to file a motion for reconsideration and motion for certificate of appealability.[1] (Doc. 44.)

On March 13, McKerlie filed his pending Motion for Reconsideration (Doc. 48) ("Motion") and motion for permission to exceed the page limit because the Motion is 13 pages (Doc. 47).

## II. Motion for Reconsideration[2]

In his Motion, McKerlie "request[s] this court to reconsider and change its ruling in this case," which the Court construes as requesting the Court to reconsider its February 16, 2023 Order accepting the R&R. McKerlie asserts: "[his] claim is that the state failed to prove every essential element of the crime of which [he] currently stand[s] convicted." (Doc. 48 at 1–2.) McKerlie's explains his Motion "only concerns" this Court's ruling on his argument that:

> [B]ecause the State did not allege the photographer took these pictures for the explicit purpose of the sexual stimulation of viewer at trial, nor offered any proof to that effect, no reasonable juror has or would find that the State has proven beyond a reasonable doubt the photographer took these pictures for the explicit purpose of the sexual stimulation of the viewer.

*Id.* at 3. He also asserts:

> I believe the Court misconstrued what the Arizona Court of Appeals ruled. The Arizona Court of Appeals could not reject my argument that the State was required to prove the photographer took these pictures for the purpose of the sexual stimulation of the viewer, as the District Court seems to believe, because I did not make such an argument.
>
> My argument was that the state failed to prove I possessed the pictures for sexual stimulation. After ruling the state was not required to prove my intent, the Arizona court went on to explain the court WAS required to prove the photographer took

---

[1] McKerlie did not file a motion for certificate of appealability with this Court. Rather, it appears he filed such a motion in the United States Court of Appeals for the Ninth Circuit. (Doc. 45; Doc. 46.) Therefore, that motion is not before this Court.

[2] Although McKerlie's Motion for Reconsideration does not fully comply with Local Rule 7.2(g)(1) because it repeats some arguments made by him in his Petition that resulted in the Order adopting the R&R, the Court, in its discretion, addresses them.

>   the pictures for the purpose of the sexual stimulation of the viewer beyond a reasonable doubt. Whether the state had proved what my intent may have been for possessing the pictures is a very different question from whether the state had proved what the photographer's motive for taking the pictures may have been.

(*Id.* at 4.) That is, McKerlie believes the Arizona Court of Appeals put "the question of whether possessing these pictures is a crime squarely upon the photographer's motive for taking these pictures." (*Id.* at 5.) As the Court explains below, this is not so.

McKerlie contends this argument is not defaulted because "the issue of the photographer's motive has not been adjudicated." (Doc. 48 at 5.) He reiterates his position that the photographer's motive is an essential element of the crime for which he was convicted and the state "not only failed to prove these pictures are exploitive exhibition, but also failed to prove possessing them is a prohibited act," so his Due Process rights have been violated. (*Id.*)

### III. Discussion

First, McKerlie admits he did not make this argument during his state proceedings. It appears this argument is relevant to Ground Two (basis of jury verdict) and Ground Three (due process and fair trial violation based upon state not proving photographer's intent) in McKerlie's Amended Petitioner. (Doc. 15 at 13, 21.) With respect to Ground Two, as explained in the R&R, McKerlie did not raise this argument on direct review or in his PCR petition, so is procedurally defaulted. (Doc. 32 at 24.) Further, as explained in the R&R, McKerlie has not "establish[ed] by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). (*Id.* at 25.)

With respect to Ground Four, as the R&R explained, the Arizona Court of Appeals dealt with this argument to the extent it was presented in the context of McKerlie's ineffective-assistance-of-counsel claims. This argument is procedurally defaulted because the Arizona Court of Appeals ruling based on the construction of the state statute at issue, which is an independent and adequate state ground, so this Court is prohibited from

reviewing it. *See Coleman v. Thompson*, 501 U.S. 722, 728 (1991) (federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment"); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Not only has McKerlie not shown a constitutional error here, but he has not shown no reasonable factfinder would have found him guilty of the underlying offense. *See* 28 U.S.C. § 2254(e)(2)(B). Therefore, this argument is procedurally barred from federal review.

Second, even if McKerlie's argument had been properly exhausted and was not procedurally defaulted, it fails on the merits. McKerlie was charged with and convicted of sexual exploitation of a minor under the age of fifteen in violation of A.R.S. § 13-3553(A)(2) and (C). (Doc. 1-2 at 2–3 (indictment); Doc. 1-6 at 2.) Section 13-3553 provides, in relevant part:

> A. A person commits sexual exploitation of a minor by knowingly:
>
> 1. Recording, filming, photographing, developing or duplicating any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.
>
> 2. Distributing, transporting, exhibiting, receiving, selling, purchasing, electronically transmitting, possessing or exchanging any visual depiction in which a minor is engaged in exploitive exhibition or other sexual conduct.
>
> . . . .
>
> C. Sexual exploitation of a minor is a class 2 felony and if the minor is under fifteen years of age it is punishable pursuant to § 13-705.

And A.R.S. § 13-3551 provides: "'Exploitive exhibition' means the actual or simulated exhibition of the genitals or pubic or rectal areas of any person for the purpose of sexual stimulation of the viewer."

McKerlie argued to the post-conviction court that the state failed to prove any of the charged images depicted a minor engaged in exploitive exhibition because "no evidence or

testimony was offered whatsoever to demonstrate that the motivation of [D]efendant allegedly possessing the 5 photos in this case was for the purpose of sexual stimulation." (Doc. 1-6 at 3.)  The post-conviction court rejected this and found the state had proved McKerlie's motivation because the special agent had testified "to prove the sexual nature of the images and, specifically, the focus of the images being on the genital area." (*Id.*)

On appeal from the post-conviction court's ruling, McKerlie contended the state was required to prove he possessed the images for the purpose of sexual stimulation. (Doc. 1-8 at 5.) The Arizona Court of Appeals explained:

> McKerlie's argument seizes on language in *State v. Chandler*, in which this court stated that, under the definition of "exploitative exhibition" in § 13-3551(5), "'the purpose of sexual stimulation of the viewer' means that the viewer intends the photograph be used for sexual stimulation, rather than that the minor intends to sexually stimulate the viewer." 244 Ariz. 336, ¶ 7 (App. 2017) (quoting § 13-3551(5)).  The state had charged Chandler with sexual exploitation of a minor for secretly filming his teenage daughters while they were using the toilet, bathing, and shaving their genitals. *Id.* ¶ 2. Chandler admitted to police that he had thought about masturbating while watching the videos. *Id.* ¶ 8. He argued, however, there was insufficient evidence to establish exploitive exhibition because the minors did not have the purpose of sexually stimulating the viewer. *Id.* ¶ 5. Although the court did state the focus was not on the child victim but on the viewer, the court further stated, "[i]nterpreting the statute in this manner will not lead to criminalization of innocent pictures or videos in which a child happens to be nude.  The state is still required to prove that the photographer took the picture for the purpose of 'sexual stimulation.'" *Id.* ¶ 8.
>
> The facts of Chandler are distinct from those presented here. There, the defendant was both the creator and the viewer of the depictions.  In that context, we held the relevant question is whether the viewer intended the depiction be used for sexual stimulation in order to make it clear that it is immaterial whether the minor intended to cause sexual stimulation. However, the appropriate inquiry when, as here, the creator and viewer are different people is whether the photographer, recorder or creator of the material created it "for the purpose of

- 5 -

>sexual stimulation of the viewer." § 13-3551(5). In such a case, the analysis must concentrate on the content of the depiction, not on the defendant's subjective purpose for possessing it. The state must prove the photographer or the recorder of the depiction created it for the purpose of sexually stimulating the viewer, not that the viewer had the depictions for his own sexual stimulation.

*State v. McKerlie*, No. 2 CA-CR 2019-0042-PR at ¶¶ 7–8 (Ariz. App. 2019); Doc. 1-8 at 4–5. That is, the Arizona Court of Appeals explained the analysis must focus *on the content of the depiction*—not one's subjective intent. This Court agrees with and will not repeat the Arizona Court of Appeals reasoning above, but emphasizes that the statute at issue here plainly and clearly defines exploitive exhibition as exhibition "for the purpose of sexual stimulation of the *viewer*." § 13-3551(5) (emphasis added). Neither § 13-3553(A)(2) nor § 13-3551 make any mention of the creator's intent or the possessor's intent. As the post-conviction court explained, in McKerlie's case, the special agent's testimony about the *content* of the images was sufficient to support the jury's finding that the images depicted a minor engaged in exploitive "exhibition of the genitals . . . for the purpose of sexual stimulation of the viewer." § 13-3551(5).

McKerlie's insistence that language from *State v. Chandler* means the law requires the focus be on the photographer's intent, when the viewer and photographer are not the same person, is misplaced. Indeed, even if McKerlie's case was factually indistinguishable from *Chandler* and McKerlie had been both the photographer and the viewer as Chandler was, the focus here would still be on whether the images depict the exhibition of a child's genitals or pubic or rectal area "for the purpose of sexual stimulation of the viewer." Further, to adopt McKerlie's interpretation—that is, that the state must prove the photographer's intent to support a conviction for *possession*—would eviscerate the statute by requiring the state to identify the photographer, locate the photographer, and then bring them into court. Not only would that be impracticable given the nature of the internet and that exploitive images are most commonly trafficked via the internet, but it would run counter to the Legislature's intent to prosecute the *possession* of such images. *See Aponte*

*v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993) ("It is a settled principle of statutory construction that a statute need not be given its literal meaning if doing so renders an absurd result which the legislature did not intend.").

Finally, McKerlie's argument the jury based their verdict on the belief that he possessed the images for his sexual stimulation, rather than finding the photographer created the images for purpose of sexually stimulating the viewer, is not cognizable in a federal habeas proceeding. Section 2254(a) provides: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." McKerlie does not allege he is in custody in violation of any federal laws, but merely asserts his conviction was obtained in violation of his Due Process rights under the United States Constitution because he alleges he did not receive a fair trial due to a misapplication of state law. As the Court of Appeals for the Ninth Circuit has explained, a habeas petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law and alleged errors in the application of state law are not cognizable in federal habeas corpus." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (citation omitted).

Therefore, even if this argument was not procedurally defaulted because of McKerlie's failure to exhaust in state court, McKerlie has not shown he is entitled to relief.

**IV.   Conclusion**

For the reasons stated above, McKerlie's argument fails, and he has not shown manifest error in this Court's order accepting the R&R, nor has he shown any error in the R&R. Therefore, the Court denies his Motion for Reconsideration. *See* LRCiv 7.2(g)(1) ("The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."). Accordingly,

1     **IT IS ORDERED** Petitioner's "Motion for Permission to File a Motion for
2  Reconsideration Which is Thirteen (13) Pages Long" (Doc. 47) is **GRANTED**.
3     **IT IS FURTHER ORDERED** Petitioner's Motion for Reconsideration (Doc. 48)
4  is **DENIED**.
5     **IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed
6  in forma pauperis on appeal are denied because dismissal of the Petition is justified by a
7  plain procedural bar and jurists of reason would not find the procedural ruling debatable
8  and because Petitioner has not made a substantial showing of the denial of a constitutional
9  right.
10        Dated this 2nd day of May, 2023.

*/s/ Scott Rash*
Honorable Scott H. Rash
United States District Judge